Pody & McDonald, PLLC
1200 Fifth Avenue, Ste. 1410
Seattle, WA 98101-3106

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

In re:

COONFIELD, BRYAN CHARLES and
COONFIELD, ANNETTE ELIZABETH,

Debtors.

No. 14-02533-FPC13

OBJECTION TO CONFIRMATION BY
LAKE BELLEVUE VILLAGE
HOMEOWNERS ASSOCIATION

COMES NOW Lake Bellevue Village Homeowners Association (the "Association"), creditor, by and through its attorneys of record, Pody & McDonald, PLLC, and objects to confirmation of the debtors' proposed chapter 13 plan (docket #12) as follows:

## I. FACTS

1. The Association has a security interest in certain real property of the debtors' estate which is the subject of this motion, and which is more particularly described as follows:

UNIT 209, BUILDING 3, LAKE BELLEVUE VILLAGE, A CONDOMINIUM, ACCORDING TO THE DECLARATION THEREOF RECORDED UNDER KING COUNTY RECORDING NO. 7906180641, AND ANY AMENDMENTS THERETO, AND IN VOLUME 32 OF CONDOMINIUMS, PAGES 90 THROUGH 97, RECORDS OF KING COUNTY, WASHINGTON;

the "real property."

2. The Association's lien is secured by the real property pursuant to the Association's recorded condominium declaration and RCW 64.34.364(1). A copy of condominium declaration section 20(A) is attached to the Association's proof of claim previously filed herein.

OBJECTION TO CONFIRMATION – 1

Pody & McDonald, PLLC
1200 Fifth Avenue, Suite 1410
Seattle, WA 98101-3106
206-4671559

3. The Association filed a secured claim in the amount of $13,992.17 through the petition date, which accrues interest at 12 percent per annum. The Association also has a claim for ongoing, post-petition assessments currently in the amount of $525.84 per month plus $40.00 monthly late fees, as applicable.

4. Section III.A.4.b. of debtors' plan provides for surrender of the real property and relief from stay to the secured creditors to foreclose. That Section also provides that the secured creditors shall have an unsecured claim to the extent the real property does not satisfy the creditor's claim.

5. In contradiction to the Section outlined above, Section VIII of the plan provides the following:

> <u>All collateral surrendered in paragraph III.A.4.b is surrendered in full satisfaction of the underlying claim(s)</u>. Pursuant to 1322(b)(8) and (9), <u>title to the property located at 4 Lake Bellevue Drive Unit #209, Bellevue, Washington 98005, shall vest in Bank of America upon confirmation, and the Confirmation Order shall constitute a deed of conveyance of the property when recorded</u>. All secured claims secured by Debtor's [sic] property located at 4 Lake Bellevue Drive Unit #209, Bellevue, Washington 98005 will be paid by the surrender of the collateral and foreclosure of the security interests.

(emphasis added.)

6. While the foregoing plan provisions are contradictory and create confusion as to the status of the rights of the secured creditors to the real property upon confirmation, it is clear that the plan does not provide for payment of the ongoing post-petition condominium assessments.

## II. <u>AUTHORITY</u>

A. <u>Debtors are liable for Post-Petition Assessments</u>

Even though the debtors are surrendering the real property, their personal liability for post-petition assessments is nondischargeable and continues for so long as they continue to own the unit. *In re Foster*, 435 B.R. 650 (9th Cir. BAP 2010). The *Foster* court held that the obligation to pay assessments is not a pre-petition contractual obligation. *Id*. at 660. Instead, the obligation to pay homeowner association assessments is ongoing as it arises from a covenant that runs with the land. *Id*. Specifically, the *Foster* court held that "*as a matter of law, debtor's personal liability*

OBJECTION TO CONFIRMATION – 2

Pody & McDonald, PLLC
1200 Fifth Avenue, Suite 1410
Seattle, WA 98101-3106
206-4671559

*for HOA dues continues post-petition as long as maintains his legal, equitable or possessory interest in the property and is unaffected by his discharge.*" *Id*. at 661. Furthermore, "bankruptcy power is subject to the Fifth Amendment's prohibition against taking private property without compensation." *Id.*, quoting *In Re Rivera*, 256 B.R. 828, 834 (Bankr. M.D.Fla. 2000). "An association's right to impose post-petition assessments pursuant to a recorded Declaration is within the scope of traditional property interests protected by the Fifth Amendment." *Id.*, quoting *In re Rivera*, at 834. To discharge debtors' obligation to pay post-petition assessments would be tantamount to an unconstitutional taking of the Association's property interest. *Id*. As a result, there is no question that the debtors' liability for post-petition assessments are nondischargeable and should be provided for in the plan.

B. <u>Debtors' "Surrender" Does Not Relieve Them of Post-Petition Liability</u>

Section III.A.4.b. of the debtors' plan provides that "debtor [sic] surrenders the collateral securing the claims of the [Association] in satisfaction of the secured portion of [the Association's] claim." To the extent this purports to relieve the debtors of liability for the post-petition assessments, it is contrary to established bankruptcy law. As noted above, the *Foster* court was clear that debtors are liable for post-petition assessments as long as they hold title to the unit. And the case law is clear that even if a debtor "surrenders" property, it does not relieve the debtor of personal liability for post-petition assessments. *See e.g., In re: Burgeuno*, 451 B.R. 1 (Bkrtcy. D.Ariz. 2011), *citing In re: Ames*, 447 B.R. 680 (Bkrtcy. D.Mass. 2011) ("Surrender does not alter [the debtor's] status as the title holder of the unit and thus post-petition condominium fees and assessments arising while he remains the record owner of the unit are not dischargeable.")

While the plan may be confirmed with the surrender of the real property under 11 U.S.C. § 1325(a)(5)(C), the plan must provide for payments of the ongoing condominium assessments until the debtors no longer hold a legal, equitable, or possessory interest in the real property.

OBJECTION TO CONFIRMATION – 3

Pody & McDonald, PLLC
1200 Fifth Avenue, Suite 1410
Seattle, WA 98101-3106
206-4671559

C. Debtors Cannot Transfer Title as Proposed Under State Law.

In a similar attempt to avoid post-petition assessment liability, the debtors' plan provides for the transfer of title to the real property to Bank of America. In particular, Section VIII of the Plan provides that "Pursuant to 1322(b)(8) and (9), title of the property located at 4 Lake Bellevue Drive Unit #209, Bellevue, Washington 98005, shall vest in Bank of America upon confirmation, and the Confirmation Order shall constitute a deed of conveyance of the property when recorded." Although the Association would not object to the extent the transfer to Bank of America would be enforceable and the Association could rely on the fact that it could collect post-petition assessments from Bank of America, debtors' proposed transfer is contrary to state law.

Under state law, delivery and acceptance of a deed are required to transfer property. *See* 17 William B. Stoebuck and John W. Weaver, *Washington Practice, Real Estate Transactions*, § 7.6 at 481 (2d ed. 2004) ("Acceptance [of a deed] is technically required, though it is seldom an issue because it is presumed, at least when the deed is beneficial…); *see also* 23 Am. Jur. 2d, Deeds § 150 (2014) ("Delivery of a deed and its acceptance are simultaneous, correlative acts.") In this case, there is no evidence that Bank of America, N.A., has or will accept title to the real property thereby casting doubt on the validity of debtors' proposed transfer and the Association's ability to collect post-petition assessments from Bank of America.

Furthermore, courts have rejected the idea that a secured creditor can be forced to accept a transfer of property under 11 U.S.C. § 1328(9). *See e.g., In re: Rose*, No. 12-40743 (Bankr. W.D. N.C. July 8, 2014). Instead, a secured creditor is entitled to control its remedies and "a plan cannot require a secured creditor to accept a surrender of property or take possession of or title to it through repossession or foreclosure." *In re: Rose*, slip. op. at 3, *citing In re: Arsenault*, 456 B.R. 627, 630 (Bankr. D. Ga. 2011). As the *Rose* court noted, forcing a lender to take title of real property could significantly injure the lender by exposing it to liability for homeowner association assessments and by destroying the lender's priority lien position over junior encumbrances by depriving it of its ability to eliminate junior liens through foreclosure. *Id*.

OBJECTION TO CONFIRMATION – 4

Pody & McDonald, PLLC
1200 Fifth Avenue, Suite 1410
Seattle, WA 98101-3106
206-4671559

In this case, debtors' plan forces Bank of America to assume the debtors' liability for the post-petition assessments without Bank of America's assent. Furthermore, the plan effectively provides that the transfer to Bank of America eliminates the Association's lien for the arrearages. This is contrary to state law as a foreclosure sale is required to eliminate junior liens. However, debtors' plan robs Bank of America of its ability to eliminate the Association's junior lien through foreclosure. In short, the debtors' plan completely changes the Association's (and Bank of America's) substantive property rights under state law in an effort to avoid their liability for the post-petition assessments. There is simply no basis for this and confirmation should be denied.

### III. CONCLUSION

There is no question that the debtors remain personally liable for post-petition condominium assessments until they no longer own the real property. The debtors cannot skirt their liability by surrendering or attempting to transfer title to an unwilling third party in their bankruptcy plan. The debtors must pay the post-petition assessments through their plan until they are no longer the owners of the real property.

WHEREFORE, the Association respectfully requests that the court sustain its objection and deny confirmation of the debtors' proposed Plan.

DATED this 14th day of August, 2014.

PODY & MCDONALD, PLLC


 /s/ Patrick M. McDonald
Dean H. Pody, WSBA #27585
Patrick M. McDonald, WSBA #36615
William J. Justyk, WSBA #35388
Attorneys for Creditor

**OBJECTION TO CONFIRMATION – 5**

Pody & McDonald, PLLC
1200 Fifth Avenue, Suite 1410
Seattle, WA 98101-3106
206-4671559